IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2483 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Joseph Chhim sues his former employer, the University of Houston (UH), and Sameer Kapileshwari, a UH employee.[1] Chhim worked as a custodian for the UH. His employment was terminated on July 13, 2012, within the school's initial six-month probationary period for "Regular Staff Employees." (Docket Entry No. 12, Ex. A at 1). Chimm alleges that he was fired because of racial discrimination (he is Cambodian and of Asian descent) and in retaliation for complaining about the type of cleaning materials used in his job at the UH. In his first amended complaint, (Docket Entry No. 16), Chhim asserts retaliation and discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as claims under the Texas Labor Code (TCHRA) and 42 U.S.C. § 1981. The UH moved to dismiss all the claims, (Docket Entry No. 20), and Chhim responded, (Docket Entry No. 26). Chhim's response was untimely, but he sought leave to file it late, (Docket Entry No. 27), and the court grants the motion.

---

[1] Chhim was initially pro se, then represented by counsel.

In his response, Chhim voluntarily dismissed his claims under the TCHRA[2] and 42 U.S.C. § 1981 and all of his claims against Kapileshwari. (Docket Entry No. 26 at 4–5). Those claims are dismissed, with prejudice.

Chhim continues to assert claims against the UH under Title VII for retaliation and discrimination. (Docket Entry No. 26 at 5–8). The UH has moved to dismiss both, with prejudice. (Docket Entry No. 20).

To state a prima facie claim of retaliation under Title VII, a plaintiff must show that: (1) he was engaged in activity protected by Title VII; (2) his employer took an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Chhim's amended complaint fails to plead any basis to infer that he engaged in protected activity. An employee engages in protected activity by "oppos[ing] any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). The only allegations of protected activity in the complaint are that Chhim complained to "top management level" about the UH's alleged failure to use certain "chemical cleaning product[s]." (Docket Entry No. 16 at ¶¶ 8, 18). He alleges

---

[1] Under the heading "Eleventh Amendment Immunity – Retaliation Claim" of his response, Chhim states that he "concedes that this [retaliation] claim . . . is barred by Eleventh Amendment Immunity." (Docket Entry No. 26 at 4). Though Chhim does not expressly state that he is referring to the retaliation claim under the TCHRA, he surely is. Retaliation claims under the TCHRA are barred by the Eleventh Amendment. *See Taylor v. Tex. S. Univ.*, 4:12-CV-01975, 2013 WL 3157529 (S.D. Tex. June 20, 2013). Title VII, which expressly authorizes suits against the states, abrogates Eleventh Amendment immunity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 279, (1997). Chhim later argues that a different retaliation claim should survive the UH's motion to dismiss. (Docket Entry No. 26 at 5-6). When he concedes that sovereign immunity bars his retaliation claim, he presumably refers to the TCHRA retaliation claim, not the Title VII retaliation claim.

that he was fired in retaliation for such complaints. (*Id.* at ¶ 18; Docket Entry No. 26 at 5–6). Complaints about the UH's failure to use certain cleaning products are not protected activity under Title VII. Chhim has failed to allege facts that, if proved, could show that he participated in protected activity under Title VII, or that he opposed conduct that was unlawful or reasonably believed to be unlawful under Title VII. Chhim's pleading precludes any inference of actionable retaliation warranting dismissal. Because further attempts to amend would be futile, the dismissal of the Title VII retaliation claim is with prejudice. *See Rio Grande Royalty Co. v. Energy ransfer Partners L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

The elements of a prima facie showing of discrimination are that the plaintiff: (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or, in the case of disparate treatment, was treated more harshly than others who were similarly situated. *Bouie v. Equistar Chems. LP*, 188 F. App'x 233, 236–37 (5th Cir. 2006); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). Chhim did not plead that when he was fired, he was replaced by someone outside the protected class. Nor did Chhim allege that other similarly situated employees were treated more favorably. Chhim claims that "Henry Anderson has been treated more fairly," (Docket Entry No. 16 at ¶ 17(f)); Docket Entry No. 26 at 6, 8), but the complaint states several times that Anderson was Chhim's supervisor, which means that he was not similarly situated to Chhim. (Docket Entry No. ¶¶ 17(a), (b), (f)). Nor did Chhim allege that Anderson continued to work at the UH despite complaining about cleaning products. Chhim has failed to plead essential

3

elements of a Title VII discrimination claim. Further amendment of the claim would be futile, and the claim is dismissed with prejudice.

The UH's motion to dismiss, (Docket Entry No. 20), is granted as to all of Chhim's claims. Final judgment is separately entered.

SIGNED on December 10, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge