# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOSEPH CHHIM, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-2483 |
| § | |
| UNIVERSITY OF HOUSTON, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Joseph Chhim sued his former employer, the University of Houston (UH), and Sameer Kapileshwari, a UH employee. Chhim worked as a custodian for the UH. His employment was terminated on July 13, 2012, within the school's initial six-month probationary period for "Regular Staff Employees." (Docket Entry No. 12, Ex. A at 1). Chimm alleged that he was fired because of racial discrimination (he is Cambodian and of Asian descent) and in retaliation for complaining about the type of cleaning materials used in his job at the UH. In his first amended complaint, (Docket Entry No. 16), Chhim asserts retaliation and discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as claims under the Texas Labor Code (TCHRA) and 42 U.S.C. § 1981. The UH moved to dismiss all the claims, (Docket Entry No. 20), and Chhim responded, (Docket Entry No. 26). On December 10, 2013, the court granted UH's motion to dismiss and entered a final judgment dismissing Chhim's suit. (Docket Entry Nos. 28, 29). Chhim has moved for reconsideration of the final judgment. (Docket Entry No. 33).

A motion seeking reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new

evidence not previously available; [or] (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Brown v. Miss. Co-op Extension Serv.*, 89 F. App'x. 437, 439 (5th Cir. 2004) (citing *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). A district court has discretion in deciding whether to grant the motion. *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000). Based on the record, Chhim has not shown that any of these factors warrant reconsideration in this case. His motion for reconsideration is denied.

SIGNED on January 22, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge